**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heidi Ellaina Herman,<br><br>    Plaintiff,<br><br>v.<br><br>Town of Marana, et al.,<br><br>    Defendants. | No. CV-19-00397-TUC-RM (P)<br><br>**ORDER** |

    Pending before the Court is Plaintiff's Motion to Set Aside Judgment. (Doc. 22.) The Court issued an Order on March 9, 2020 dismissing this case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (Doc. 20.) The Court found that Plaintiff's failure for more than four months to file an Amended Complaint, respond to Defendants' Motion to Dismiss (Doc. 6), or otherwise litigate the case prevented the case from proceeding. (*Id.*) The Court dismissed the action without prejudice and with leave to re-file. (*Id.*)

    Plaintiff moves the Court to set aside its judgment of dismissal and reinstate the case for further proceedings. (Doc. 22.) Plaintiff states that her counsel takes "full responsibility" for not litigating the case and that he failed to do so because he was questioning his future involvement and assumed that the Court would rule on the pleadings that had already been filed. (*Id.*) Plaintiff cites no legal authority to support her arguments.

    Defendants oppose Plaintiff's Motion. (Doc. 23.) Defendants set forth the

procedural history of this case, which was also set forth in the Court's March 9, 2020 Order. (*Id.*; Doc. 20.) Defendants contend that Plaintiff made no effort to prosecute the case since August 29, 2019 and that Plaintiff's counsel never informed the Court of his intention to withdraw as counsel or his assumption that the Court would rule on the pleadings if he did nothing. (*Id.*)

Fed. R. Civ. P. 60(b) states that a court may relieve a party from a final judgment or order for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. . . and includes omissions caused by carelessness." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal citations omitted). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. In determining whether neglect is excusable, courts consider four non-exclusive factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id*. (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Courts may also consider the prejudice to the movant from denial of relief if it is relevant. *Id*. at 1195.

Upon applying these factors to the circumstances of the case, the Court finds that setting aside the judgment of dismissal is appropriate. The Court finds that denial of Plaintiff's requested relief could result in an inequitable outcome. First, the potential

1   prejudice to Defendants from reinstating the case is minor. The case has only been
2   litigated through the motion to dismiss stage and, once the case is reinstated, a decision
3   on Defendants' motion to dismiss would be forthcoming. Second, although Plaintiff
4   failed to file an amended complaint or surresponse to the motion to dismiss for at least
5   four months, the Court found good cause to grant Plaintiff extensions of time to file those
6   documents through February 21, 2020 (*see* Doc. 17). Therefore it is impossible to
7   conclude that the delay thus far has had a significant impact on the proceedings. Third,
8   Plaintiff states that the reason for the delay was that Plaintiff's counsel assumed that the
9   Court would rule on the motion to dismiss on the record before it if he took no further
10  action. This can be characterized as an "omission caused by carelessness" and weighs
11  neither for nor against setting aside the dismissal. Fourth, there is no evidence in the
12  record that Plaintiff's failure to prosecute was in bad faith.

13  Finally, the Court finds that Plaintiff would be prejudiced by denial of the
14  requested relief. Although the case was dismissed with leave to re-file, it is not clear that
15  the statute of limitations on Plaintiff's 42 U.S.C. § 1983 claim would not run before she
16  would have the opportunity to re-file her claim.[1] Furthermore, Plaintiff was proceeding
17  pro se in this action prior to her attorney's appearance (*see* Docs. 8, 13) and her attorney
18  accepts full responsibility for the delay in litigating the case (Doc. 22). Therefore, the
19  Court finds that prejudice to Plaintiff could result from dismissal.

20  . . . .
21  . . . .
22  . . . .
23  . . . .
24  . . . .
25  . . . .

---

[1] "[F]ederal courts apply the forum state's personal injury statute of limitations for section 1983 claims." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). The statute of limitations in Arizona for personal injury claims is two years. *Love v. Pinnacle Nissan, Inc.*, 102 F. App'x 597, 598 (9th Cir. 2004). The prosecution of Plaintiff which is at issue in this case commenced on April 24, 2018. (Doc. 6 at 2.) Therefore, the earliest that the statute of limitations could run on Plaintiff's Section 1983 claim is April 24, 2020.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Set Aside Judgment (Doc. 22) is **granted**. The Judgment of Dismissal (Doc. 21) is **set aside** and the case shall be reinstated for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that Mr. Paul Joseph Gattone shall, if he intends to withdraw as counsel, file a notice of withdrawal within **five (5) days** from the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint and Sur-Response to the Motion to Dismiss on or before **May 4, 2020**. If no Amended Complaint or Sur-Response to the Motion to Dismiss are filed, the Motion to Dismiss (Doc. 6) shall be deemed ready for decision on that date unless otherwise ordered by the Court.

Dated this 6th day of April, 2020.

_____
Honorable Rosemary Márquez
United States District Judge